[No. A134060. First Dist., Div. Five. Dec. 19, 2012.]

CYNTHIA M. PARKER, Plaintiff and Respondent, v.
LEE D. HARBERT, Defendant and Appellant.

---

Counsel

Franck & Associates, Herman Franck and Elizabeth Vogel Betowski for Defendant and Appellant.

John F. Prentice & Associates, Robert D. Postar and John F. Prentice for Plaintiff and Respondent.

---

Opinion

JONES, P. J.—Lee D. Harbert appeals from a judgment ordering him to pay $92,000 in attorney fees and costs as sanctions pursuant to Family Code section 271.[1] He contends (1) the court's "finding of objective unreasonableness constitutes prejudicial error"; (2) insufficient evidence supports the award of sanctions; and (3) the application of section 271 violates his federal and state constitutional rights.

We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Harbert and Cynthia M. Parker have been litigating child custody and child support issues in this case for over a decade. As relevant here, the court issued two orders concerning child custody and child support: the first in March 2000 and a second in November 2007. In 2007, Parker had physical custody of Harbert and Parker's minor son while Harbert was in state prison.[2]

In September 2009, Harbert initiated contempt proceedings against Parker. He claimed Parker willfully violated both court orders by, among other things (1) refusing to bring his minor son to visit him while he was in prison; (2) refusing to give him access to their son's medical records; and (3) failing to help their son take "the full course of medication for his poison oak medical problem."

---

[1] Unless otherwise noted, all further statutory references are to the Family Code.

[2] In 2005, Harbert hit a pedestrian while he was driving in Moraga. The pedestrian died shortly after the accident. A jury convicted Harbert of failing to stop at the scene of an accident and the court sentenced him to state prison. This court affirmed the conviction. (*People v. Harbert* (2009) 170 Cal.App.4th 42, 52 [87 Cal.Rptr.3d 751].)

In October 2009, the court issued an order to show cause. Parker responded with a lengthy and detailed declaration denying the contempt allegations. Parker later moved for a judgment of acquittal pursuant to Penal Code section 1118; the court denied the motion except as to one of the contempt allegations. Before trial, Parker sought attorney fees and costs pursuant to Family Code section 271.

Following a 13-day trial, the court issued a tentative decision finding "the evidence was insufficient to prove Ms. Parker guilty beyond a reason[able] doubt as to any of the charged offenses" and sanctioning Harbert in the amount of $87,000. The court advised Harbert: "[t]he proposed award with respect to the attorneys fees in favor of [Parker] will serve as notice . . . of the court's intent to impose fees as a sanction pursuant to [section] 271. If Mr. Harbert wishes to have an evidentiary hearing on any issue regarding the proposed sanction he shall make such a request at the same time he files . . . his objections or proposals" to the tentative decision.

Both parties objected to the tentative statement of decision. In October 2011, the court issued a detailed 30-page statement of decision examining the evidence offered in support of the contempt allegations and concluding it did not establish Parker was guilty beyond a reasonable doubt. The court also imposed $92,000 in attorney fees and costs as sanctions pursuant to section 271.[3] The court explained, "the evidence shows that none of the conduct alleged against Ms. Parker constituted the sort of egregious behavior that any objective party would have seen as warranting the pursuit of contempt allegations that could result in the imposition of a jail sentence." The court continued, "[w]hile the court cannot say that each allegation in the contempt petition is wholly frivolous, it is the court's view that many of the allegations were frivolous."

The court determined Harbert's conduct frustrated the policy behind section 271 because he "launched a host of contempt allegations against Ms. Parker as a means to force [her] acquiescence to his child custody demands. . . . [¶] Mr. Harbert did not seek direct and prompt resolution of the issues that instigated his motion. Rather, he initiated this new and complicated proceeding even though any reasonable person would see that his interpretation of the pertinent court orders was flawed in significant respects and even though any reasonable person could see that the evidence was insufficient to prove guilt beyond a reasonable doubt. As a consequence of this strategy, Mr. Harbert has caused the entirely needless expenditure of a huge amount of money and time in a vain attempt to punish Ms. Parker for violations of the previous court orders which at the very most were trivial."

---

[3] The court initially imposed $87,000 but increased the amount to $92,000 in an amended order. Parker sought attorney fees and costs of $121,113.90.

The court rejected Harbert's claim that sanctions were unwarranted because there was "no proof that this proceeding slowed the progress of the resolution of proceedings related to child custody." It noted Harbert pursued his "ill-advised course of seeking to have Ms. Parker held in contempt" and explained "[t]he contempt trial lasted thirteen days and consumed considerable time and resources of Ms. Parker and this court. . . . Because of possible Fifth Amendment issues that might arise from Ms. Parker's possible testimony in multiple trials, the court was required to proceed on the contempt charges . . . [t]hus, the trial on Mr. Harbert's child custody motion was delayed for ten months while the contempt trial was proceeding."

In addition, the court rejected Harbert's contention that the court's failure to direct a finding of acquittal for Parker "would preclude an award of attorney fees under [section] 271." It explained, "the mere fact that the court did not grant a motion to acquit following [Harbert's] case-in-chief does not mean that the court may not award attorney fees under [section] 271. The public policies expressed in [section] 271 include promoting settlement of litigation, reducing the cost of litigation, and encouraging the cooperation of the parties and counsel. This court finds that the pursuit of these contempt allegations was contrary to each of these statutory objectives."

Finally, the court evaluated Harbert's financial circumstances and imposed sanctions in the amount of $92,000.

## DISCUSSION

■ The purpose of section 271[4] is " 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' [Citation.]" (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177 [110 Cal.Rptr.2d 111] (*Petropoulos*), quoting *In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 970 [22 Cal.Rptr.2d 537].) "Family law litigants who flout that policy by engaging in conduct that increases litigation costs are subject to the imposition of attorneys' fees and costs as a sanction. [Citations.]" (*Petropoulos*, at p. 177; see *In re Marriage of Fong* (2011) 193 Cal.App.4th

---

[4] Section 271, subdivision (a) provides: "(a) Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

278, 290 [123 Cal.Rptr.3d 260] (*Fong*) ["[s]ection 271 authorizes an award of attorney fees and costs as a sanction for uncooperative conduct that frustrates settlement and increases litigation costs"].)

The standard of review is not—as Harbert contends—de novo. "We review an award of attorney fees and costs under section 271 for abuse of discretion. [Citation.] 'Accordingly, we will overturn such an order only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order. [Citations.]' [Citation.] We review any factual findings made in connection with the award under the substantial evidence standard. [Citation.]" (*Fong, supra*, 193 Cal.App.4th at p. 291, quoting *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225–1226 [92 Cal.Rptr.3d 17] (*Corona*).)

### The Court Did Not Commit Prejudicial Error

Harbert's first claim is the court's finding that the contempt proceedings "were objectively unreasonable" somehow constitutes "prejudicial error." According to Harbert, the court's issuance of an order to show cause and its partial denial of Parker's motion for judgment of acquittal demonstrates "there was substantial evidence" supporting the contempt allegations.

There are at least two problems with this argument. First, the court considered—and rejected—a similar argument. It determined, "the mere fact that the court did not grant a motion to acquit following [Harbert's] case-in-chief does not mean that the court may not award attorney fees under [section] 271. The public policies expressed in [section] 271 include promoting settlement of litigation, reducing the cost of litigation, and encouraging the cooperation of the parties and counsel. This court finds that the pursuit of these contempt allegations was contrary to each of these statutory objectives." Harbert has not demonstrated why this conclusion was erroneous. He has not cited any authority precluding a court from imposing sanctions pursuant to section 271 when a court has previously issued an order to show cause or partially denied a motion for judgment of acquittal.

Second, and perhaps most importantly, the court was authorized to impose sanctions even in the absence of a finding of frivolity. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1319 [116 Cal.Rptr.3d 375] (*Tharp*).) As the *Tharp* court explained, "[s]ection 271 does not require that the sanctioned conduct be frivolous or taken solely for the purpose of delay. Rather, the statute is aimed at conduct that frustrates settlement of family law litigation. Expressed another way, section 271 vests family law courts with an additional means with which to enforce this state's public policy of promoting settlement of family law litigation, while reducing its costs through

mutual cooperation of clients and their counsel. 'Thus, a party who individually, or by counsel, engages in conduct frustrating or obstructing the public policy is thereby exposed to liability for the adverse party's costs and attorney fees such conduct generates.' [Citation.]" (*Id.* at p. 1318; see *Corona, supra,* 172 Cal.App.4th at p. 1227 ["sanctions under section 271 are justified when a party has unreasonably increased the cost of litigation"].)

Here, there can be no dispute Harbert's conduct delayed the resolution of various issues relating to child custody and increased litigation costs. Harbert's conduct also wasted the court and the parties' time. The court did not abuse its discretion by imposing sanctions pursuant to section 271. (*Fong, supra,* 193 Cal.App.4th at p. 292.)

### *Harbert's Sufficiency of the Evidence Claim Fails*

Next, Harbert contends there was insufficient evidence to support the imposition of sanctions. According to Harbert, "[i]f there was evidence sufficient to overcome a motion to dismiss, this means there was enough [evidence] that a reasonable person would have filed the contempt citation." Harbert does not direct us to the "evidence" that was apparently sufficient to "overcome" the motion for judgment of acquittal, nor to any evidence offered at trial to establish he reasonably initiated the contempt proceedings. A fundamental principle of appellate law is the judgment or order of the lower court is presumed correct and the appellant must affirmatively show error by an adequate record. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125 [29 Cal.Rptr.2d 711].) "It was [Harbert's] responsibility to include the reporter's transcript" of the 13-day trial, but he elected not to designate an adequate record for this court to evaluate his claim of error regarding the sufficiency of the evidence. (*Id.* at p. 1125.) As a result, we. presume the judgment imposing sanctions pursuant to section 271 is correct. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [84 Cal.Rptr.2d 73].)

### *The Imposition of Sanctions Did Not Violate Harbert's State and Federal Constitutional Rights*

■ Harbert's final claim is the imposition of sanctions under section 271 violates his due process rights under the federal and state Constitutions. Due process requires a party be given notice and an opportunity to be heard before a court imposes sanctions under section 271. (*Petropoulos, supra,* 91 Cal.App.4th at p. 178; § 271, subd. (b).) In addition, the notice provided must specify the authority relied upon and must advise of the specific grounds and conduct on which sanctions are to be based. (*In re Marriage of Quinlan* (1989) 209 Cal.App.3d 1417, 1421–1422 [257 Cal.Rptr. 850].)

Here, the court notified Harbert it intended to impose sanctions under section 271. It also gave Harbert a meaningful opportunity to be heard: the tentative decision advised him he could object to it and request a hearing on the proposed sanctions. Furthermore, the court notified Harbert of the specific conduct giving rise to sanctions and the grounds upon which the sanctions would be based. The imposition of sanctions under section 271 did not violate Harbert's due process rights. (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1537 [125 Cal.Rptr.3d 292].)

Harbert has not demonstrated how the imposition of sanctions violates his right to petition the government for redress of grievances, nor has he explained in a coherent way how the imposition of sanctions violates his access to the courts. Harbert was not—as he claims—"being sanctioned for bringing a meritorious and non-frivolous action." He was sanctioned because the court determined he initiated a largely frivolous contempt proceeding causing "the entirely needless expenditure of a huge amount of money and time in a vain attempt to punish Ms. Parker for violations of the previous court orders which[,] at the very most[,] were trivial." (See *In re Marriage of Greenberg* (2011) 194 Cal.App.4th 1095, 1100 [125 Cal.Rptr.3d 238] [sanctions appropriate where husband made "no showing that the trial court abused its discretion in concluding that his attempt to do an impermissible 'end run' around the 2008 judgment required wife to incur attorney fees she can ill afford"].)

Harbert's claim that section 271 is vague as applied to him has no merit for at least two reasons. First, it is not supported by any authority. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007 [27 Cal.Rptr.3d 583], fn. omitted [failure to support contention with authority "constitutes a waiver of the issue on appeal"].) Second, the policy of the law—to encourage settlement and reduce the costs of litigation—is clear. Sanctioning Harbert pursuant to section 271 promoted that policy.

Nor are we persuaded by the claim Harbert made for the first time during oral argument that section 271 somehow "runs afoul" of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179] (*Flaherty*). *Flaherty* sets a different—and higher—standard for an appellate court's imposition of sanctions for a frivolous appeal. "*Flaherty* sanctions are appropriate 'only when [the appeal] is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.' [Citations.]" (*In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 6 [33 Cal.Rptr.3d 237].) As we have already stated, section 271 does not require the conduct "be

frivolous or taken solely for the purpose of delay" as is the case with sanctions imposed under *Flaherty*. Harbert has not demonstrated section 271 conflicts with *Flaherty*.

## DISPOSITION

The judgment is affirmed. Parker is to recover costs on appeal.

Needham, J., and Bruiniers, J., concurred.