Filed 6/22/15  Reece v. Vasquez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| BARBARA REECE et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>ARMAND VASQUEZ et al.,<br><br>    Defendants and Respondents. | B253568<br><br>(Los Angeles County<br>Super. Ct. No. YC064104) |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  William  G. Willett, Judge.  Affirmed

Barbara Reece and John Reece, in pro. per., for Plaintiffs and Appellants.

Early, Maslach & Hartsuyker, Carla Giudice-Hu; Law Office of Priscilla Slocum, Priscilla Slocum for Defendants and Respondents.

_____

Plaintiffs and appellants Barbara Reece and John Reece appeal from a judgment, following a jury trial, in favor of defendants and respondents Armand Vasquez and Belinda Mora. Plaintiffs also appeal from the trial court's order denying their motion for new trial.

Plaintiffs' appeal suffers from a number of defects, chief among them the failure to provide an adequate record. We affirm the judgment and the order denying the motion for new trial.

## BACKGROUND

The paltry record on appeal relates to only a small portion of the factual and procedural background.

From the record submitted by plaintiffs, we can discern that the complaint, filed in January 2011, stated claims for negligence and loss of consortium. The complaint was somewhat vague and confusing, but appeared to allege that, in January 2009, defendants were negligent in operating a motor vehicle and crashed into a vehicle driven by Barbara,[1] who suffered physical injury and other damages. John consequently suffered loss of consortium. The parties' appellate briefs state that defendants' car was being driven by Mora and was owned by Vasquez.

The case went to trial in September 2013. In a special verdict, the jury awarded no damages, finding that Mora's negligence was not a substantial factor in causing harm to plaintiffs.

Plaintiffs moved for new trial, arguing that the jury's finding of no causation was unsupported by the evidence, and that defendants had conceded causation as to at least some of plaintiffs' injuries. The trial court denied the motion on November 19, 2013. Plaintiffs timely appealed.

---

[1]     To avoid confusion, at times we refer to plaintiffs by their first names.

## DISCUSSION

It is a fundamental rule of appellate review that the judgment is presumed correct and the appellant has the burden of demonstrating reversible error by an adequate record. (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178; *Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179.)

The record submitted by plaintiffs on appeal is woefully deficient. It contains no complete clerk's transcript, no reporter's transcript of the trial, no agreed or settled statement, and no transcript of the hearing on the motion for new trial. Plaintiffs contend that the jury could not reasonably find that Mora's negligence resulted in no compensable damages. Without the ability to review trial testimony and the evidence presented, however, we have no cause to question the jury's decision. "If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings . . . ." (Cal. Rules of Court, rule 8.120(b).) Without an oral transcript of the proceedings or its equivalent, an appellant cannot challenge the sufficiency of the evidence supporting a judgment.[2] (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-188.)

Plaintiffs also argue that defendants admitted liability and are judicially estopped from denying so. They claim that Mora admitted she caused the car crash and that defendants' attorney conceded during closing argument that defendants were liable for at least some damages. Based on these assertions, plaintiffs contend that the trial court had no choice but to order a new trial. A verdict may be vacated and a new trial granted because of insufficiency of the evidence to justify the verdict, or because the verdict is

---

[2]     In any event, from limited evidence submitted by defendants on appeal it appears that there was substantial evidence to support the jury's finding that plaintiffs suffered no damages due to Mora's negligence. Following the accident, Barbara did little to seek medical care for her alleged injuries. Furthermore, defendants' medical expert testified at trial that an MRI scan of Barbara's spine showed only degenerative damage that was not caused by the car accident.

3

against law. (Code Civ. Proc., § 657, subd. 6.) We review an order denying a new trial for an abuse of discretion. (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 832.)

Again, plaintiffs fail to support their assertions by reference to an adequate record. To find that defendants conceded liability we would have to take plaintiffs' appellate briefs at face value—there is no transcript or other record demonstrating that defendants actually did so. Moreover, there is no transcript of the hearing on the motion for new trial, and the trial court issued a minute order simply denying the motion, so we have no way of knowing the trial court's reasoning. Without an adequate record we cannot find that the trial court abused its discretion in denying a new trial. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [absence of record precludes determination that trial court abused its discretion]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 [same].)[3, 4]

## DISPOSITION

The judgment and order denying new trial are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.          HOFFSTADT, J.

---

[3]    Plaintiffs' motion for summary reversal, filed on April 10, 2015, is denied.

[4]    We do not consider a putative request by plaintiffs for judicial notice, which plaintiffs and defendants refer to in their appellate briefs. First, the request was never actually filed in this Court. Second, if it had been filed, it would be denied. Plaintiffs attempt to introduce, via declaration (and not by way of transcript), their version of matters established in the trial court. Because this information is subject to dispute and its accuracy cannot be determined, judicial notice is improper. (Evid. Code § 452, subd. (h).)