Filed 12/6/24  Marriage of Arroyo and Arroyo Roldan CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of PATRICIA ARROYO and EDGARDO ARROYO ROLDAN. | |
| | D083729 |
| PATRICIA ARROYO, | |
| Respondent, | |
| v. | (Super. Ct. No. 18FL002390S) |
| EDGARDO ARROYO ROLDAN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Sherry M. Thompson-Taylor, Judge.  Affirmed.

Edgardo Arroyo Roldan, in pro. per., for Appellant.

No appearance for Respondent.

Neumann Family Law and Sara R. Neumann as Amicus Curiae on behalf of Respondent.

Edgardo Arroyo Roldan and Patricia Arroyo divorced.  After years of postjudgment litigation, the trial court sanctioned Edgardo for discovery noncompliance under Family Code section 271 by ordering him to pay

attorney fees totaling $91,495.  Edgardo appeals, arguing (1) he was not properly served with notice of the request for section 271 sanctions and (2) the court abused its discretion because it was "impossible to know" if the amounts requested "could be tethered to actual legal fees and costs." Edgardo, however, has not provided us with a sufficient record to meaningfully review his claims.  Edgardo also contends the court abused its discretion by awarding sanctions for pro bono attorney fees and costs, but to the extent this claim differs from his tethering argument, he offers no relevant authority that would persuade us to exclude pro bono fees and costs from section 271.  Therefore, we affirm.

## I.

Section 271 allows the court to award attorney fees and costs as a sanction based "on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys."  (§ 271(a).)  Such an award "shall be imposed only after notice . . . to the party against whom the sanction is proposed and opportunity for that party to be heard."  (§ 271(b).)  Due process requires the notice to specify the (1) authority relied on and (2) grounds and conduct for which the sanctions are sought.  (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)

We review an award of attorney fees under section 271 for abuse of discretion and review any findings of fact made in connection with the award for substantial evidence.  (*Parker*, 212 Cal.App.4th at p. 1177.)

A.

The incomplete appellate record prevents us from meaningfully reviewing Edgardo's claims of error related to (1) service and notice and (2) whether the amount awarded is tethered to attorney fees and costs.

As a "fundamental principle of appellate procedure," we presume the trial court's order is correct. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Because of this presumption, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Id.* at p. 609.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review," we should affirm the order. (*Ibid.* [cleaned up].) Such is the case here.

Edgardo represents himself on this appeal, and we are mindful that the technical requirements of the appellate process may be difficult for those without legal training to navigate. A self-represented party, however, "is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) As a result, Edgardo needed to comply with the rules for preparing an adequate appellate record.

Here, Edgardo claims his due process rights were violated because he was not served with notice of the section 271 sanctions request at "his official mailing address in Tijuana, Mexico." The court, however, found valid service. To evaluate Edgardo's claim to the contrary, we would need to know "the basis of the trial court's reasoning." (*Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1229.) We do not on this record. Neither the minute order nor the findings and order after hearing "sufficiently illuminate the factual and legal predicate for the trial court's orders," so "a reliable

3

record of what transpired at the hearing[ ] is indispensable for our review." (*Id.* at p. 1229, fn. 5.) But the parties neither requested a court reporter nor submitted an agreed or settled statement of the hearing. (See Cal. Rules of Court, rule 8.137.) Without a record of the relevant hearing, "[t]he trial court's findings of fact and conclusions of law are presumed to be supported by substantial evidence and are binding on the appellate court, unless reversible error appears on the record." (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)

Reversible error does not appear on this record. Although Edgardo notes he changed his address for service to the Tijuana location nearly a year before the relevant hearing and attaches it as an exhibit to his opening brief, he never moved to augment the record with it. (Rule 8.155.) Nor would that document be dispositive, as the record lacks (1) the proof of service for Patricia's supplemental brief requesting sanctions under section 271 and (2) any of the earlier sanctions briefing submitted by the parties, which may or may not have identified the authority and grounds for sanctions, and the related proofs of service. Thus, we are not in a position to disturb the court's finding of valid service.[1]

The incomplete state of the record is similarly fatal to Edgardo's claim the section 271 sanctions were not adequately tethered to attorney fees and costs, as we do not have all the evidence and testimony the court considered. Edgardo analyzes Patricia's counsel's supplemental declaration—in which

---

[1]  Besides, the record contradicts Edgardo's unsupported assertion he "only learned about the hearing" the same day it was held. Edgardo was present on December 7, 2023, when the court continued the hearing on Patricia's request for discovery sanctions to February 14, 2024, and ordered any supplemental briefing to be filed no later than February 7. He thus had two months' notice of the hearing and knew Patricia could submit supplemental briefing a week beforehand.

she identifies her billing rate, the hours her firm worked, and total costs and fees incurred over certain periods—to argue it is "riddled with inconsistencies." Yet that declaration was not the only evidence before the court. For example, Patricia's supplemental briefing identifies 18 exhibits in support of sanctions, not all of which are included in the appellate record. And as mentioned before, we lack any record of the testimony presented at the hearing. As a result, we must presume the unreported testimony would show "the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

Given the incomplete appellate record and the resulting presumptions, Edgardo has not convinced us the court erred.

B.

Lastly, Edgardo contends the court erred in awarding section 271 sanctions for pro bono attorney fees and costs because they were purportedly "not validated" by Patricia or the court. Many of Edgardo's arguments under this section involve the same "tethering" point addressed above. As Edgardo offers no relevant authority to support his "opinion that [these sanctions] should only be used in non-Pro Bono cases," this contention is thus forfeited. (*Parker*, 212 Cal.App.4th at p. 1179.) It is also unpersuasive given the statute's purpose. Section 271 "is designed to punish a party who has unreasonably increased the cost of litigation." (*In re Marriage of Blake & Langer* (2022) 85 Cal.App.5th 300, 310 [cleaned up].) To exclude pro bono attorney fees and costs from a section 271 sanction would hobble its deterrent effect.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.