Filed 3/9/26  Zeng v. Wang CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YING MAGGIE ZENG,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT WANG,<br><br>    Defendant and Appellant. | A171521<br><br>(Sonoma County<br>Super. Ct. No. SFL-089930) |

Defendant Albert Wang appeals from a minute order and a final order that required him to pay plaintiff and respondent Ying Maggie Zeng $50,000 in sanctions pursuant to Family Code section 271.[1]  He also appeals from a minute order denying his request for appointment of minor's counsel and a child custody evaluator pursuant to sections 3111 and 3150.  We conclude that the minute order imposing sanctions is not appealable and affirm the other orders.

---

    [1] Except where otherwise indicated, all statutory references are to the Family Code.

## I. FACTS AND PROCEDURAL HISTORY

### A. Prior Proceedings

Wang and Zeng married in 2005 and have one child (Daughter). Their marriage was dissolved in 2013 in Orange County Superior Court, and the matter was transferred to Sonoma County Superior Court in 2021. Pending the transfer, Zeng filed another case in Sonoma County and obtained a two-year domestic violence restraining order (DVRO) against Wang in March 2022.[2] Zeng was also granted "temporary sole legal and physical custody" of Daughter. Wang appealed and we affirmed. (*Zeng v. Wang* (March 25, 2024, A165473) [nonpub. opn.].)

In July 2022, Wang filed a request for an order (RFO) in Sonoma County Superior Court to compel compliance with earlier custody and visitation orders issued by the Orange County court. He also sought appointment of minor's counsel and a child custody evaluation.

In August 2022, the trial court denied Wang's request to compel compliance with the Orange County orders. It declined to rule on Wang's other requests because they were not properly before the court. It nonetheless gave Wang the opportunity to re-file his requests for minor's counsel, a child custody evaluation, sanctions, and attorney fees and costs if he first met and conferred with Zeng's counsel. Wang appealed and we affirmed. (*Zeng v. Wang* (March 26, 2024, A166681) [nonpub. opn.].)

### B. Wang's RFO for Custody Evaluation and Minor's Counsel

In March 2024, Wang filed a RFO for a child custody evaluation and appointment of counsel for Daughter. After a hearing, the trial court denied

---

[2] The DVRO, which expired in March 2024, was renewed. The renewal is the subject of another appeal (case No. A172228), which we resolve in a separate opinion.

the RFO in a minute order on April 22, 2024, but did not issue a Findings and Order After Hearing (FOAH).

C. Zeng's RFO for Attorney Fees

In July 2024, Zeng filed a RFO for $65,120.58 in sanctions against Wang pursuant to section 271, including an award of attorney fees as the prevailing party in two of Wang's appeals (case Nos. A165473 and A166681). In her supporting declaration, Zeng summarized the history of the proceedings and Wang's purported abuse of Zeng and Daughter. Asserting that the trial court had denied every one of Wang's many motions, she alleged that she incurred $59,297.08 in legal fees due to his litigation tactics since the DVRO was issued. She further alleged that Wang was not providing financial support for Daughter and was forcing Zeng to use her "precious [financial] resources to pay for legal representation." Zeng averred that Wang is an attorney and "financially comfortable," so he could afford to "sit[ ] at home, drafting endless pleadings." She also provided an itemization of the total fees and costs she sought.

In his opposition, Wang characterized the litigation as a "decade-long parental alienation." He reasserted his request for appointment of minor's counsel and a custody evaluation. In addition, he sought need-based attorney fees pursuant to section 2030, claiming he had been borrowing money from his sister to cover his living expenses. He asserted that he had little income and there was a financial disparity that favored Zeng. He averred that his litigation efforts were in good faith because earlier orders had deprived him of his parental rights.

The trial court heard Zeng's request for sanctions on August 19, 2024. No record of the oral proceedings appears in the record. By minute order

dated August 19, the court imposed sanctions of $50,000, finding that Wang's "motions and appeals have been baseless, meritless, and frivolous."

In a FOAH entered on September 26, 2024, the trial court imposed $50,000 in sanctions against Wang under section 271, finding that his "actions have been non-cooperative, meritless, and frivolous." The court supported that finding with evidence attached to the FOAH. It also denied Wang's request for attorney fees on two grounds. First, the request was not properly pled. Second, Wang had unclean hands because he ignored an April 25, 2022 order that required him to pay Zeng $21,582.15 in attorney fees as the prevailing party in the DVRO proceedings.

Wang timely appealed from the August 19, 2024 minute order and the September 26 FOAH. He later amended his notice of appeal to add a challenge to the April 22 minute order that denied his request for the appointment of minor's counsel and a child custody evaluation.[3]

## II. DISCUSSION

We have considered Wang's arguments and conclude they lack merit. The trial court did not abuse its discretion in refusing to appoint minor's counsel and order a custody evaluation, the August 2024 minute order regarding sanctions is not appealable, and the September 2024 FOAH imposing sanctions was not erroneous.[4]

---

[3] The trial court declared Wang a vexatious litigant at a January 2025 hearing and by written order on February 19, 2025. Zeng requests that we take judicial notice of the order. We deny the request because the vexatious litigant finding was made after the orders challenged in this appeal. Zeng also filed a motion in this court to declare Wang a vexatious litigant. We denied that motion on April 3, 2025.

[4] Zeng asks us to strike Wang's opening brief because it does not address appealability. (See Cal. Rules of Court, rule 8.204(a)(2)(B).) We decline to do so. (*Id*., rule 8.204(e).

A.  April 2024 Minute Order (Minor's Counsel and Custody Evaluation)

Wang challenges the April 22, 2024 minute order denying his request for minor's counsel and a custody evaluation.  He fails to demonstrate an abuse of discretion.

1.  Appealability

Code of Civil Procedure section 904.1, subdivision (a)(2) authorizes an appeal from a postjudgment order.  Zeng does not dispute that the April 2024 minute order is a postjudgment order.  She nonetheless argues that the order is not appealable because it does not affect the judgment or relate to its enforcement.  (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 588.)  We disagree.

The rule that a postjudgment order must affect the judgment or relate to its enforcement is intended to exclude review of orders that lack finality because they are preliminary to a later judgment.  (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651–653.)  Zeng argues that the minute order is preliminary to later proceedings because it is not a final custody order, it does not modify the March 2022 temporary custody order, and it only denies Wang the relief he might need to seek a change in custody or visitation in the future.  But in denying what Wang claimed he needed to seek a change in custody or visitation, the minute order is not *preliminary* to a later proceeding, but arguably *preclusive* of one.  It therefore appears to be sufficiently final for appellate review.

Zeng further argues that temporary child custody and visitation orders are interlocutory and not appealable, citing *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1090.  The April 2024 minute order, however, is not a temporary child custody or visitation order.  Moreover, *Smith* is distinguishable for another reason.  There, a temporary custody order and a

5

temporary restraining order were not appealable because the custody issue was already slated for trial. (*Ibid*.) Here, by contrast, there is no indication that the custody issue is or will be set for adjudication.

At any rate, Zeng acknowledges that the trial court's denial of Wang's request for a child custody evaluation and appointment of minor's counsel may be reviewed pursuant to an extraordinary writ petition. (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 565.) Zeng does not dispute that we may treat Wang's appeal from the April 2024 minute order as a writ petition. We therefore proceed to the merits.

2. <u>Merits</u>

Wang contends that the trial court should have ordered a custody evaluation and appointed counsel for Daughter because the March 2022 custody order was temporary and because the court has not determined that continuing the order is in Daughter's best interests. He argues that the evaluation and appointment of counsel may help him rebut the presumption under section 3044 that awarding custody to a parent who perpetrated domestic violence within the past five years is detrimental to the child's best interests. He further argues that the current custody order deprives him of his parental rights and that he and Daughter have been deprived of their due process rights. We review the denial of a RFO seeking minor's counsel and a child custody evaluation for abuse of discretion and find none here. (See *In re Marriage of Metzger* (2014) 224 Cal.App.4th 1441, 1450.)

The trial court's authority to appoint counsel for a minor is governed by sections 3150 and 3151 and rule 5.240 of the California Rules of Court. Upon determining that it would be in the minor child's best interests, the court *may* appoint counsel to represent the child's interests, provided that the court and counsel comply with California Rules of Court, rules 5.240, 5.241, and

6

5.242. (§ 3150, subd. (a).) Among other things, the court should consider whether (1) the child is subject to stress that might be alleviated by the intervention of counsel representing the child; (2) counsel for the child would likely provide the court with relevant information not otherwise readily available or likely to be presented; and (3) the child's best interests appear to require independent representation. (Cal. Rules of Court, rule 5.240(a).)

Wang does not address these considerations. Instead, he merely asserts that in December 2024 – eight months after the trial court made its decision – Daughter told a Sonoma Family Court Services counselor that she wanted to visit him. But evidence arising *after* a court's decision does not demonstrate that the decision was erroneous. Moreover, evidence of Daughter's desire to *visit* Wang does not compel the conclusion that minor's counsel must be appointed to assist Father in his efforts to obtain *custody*. Wang therefore fails to establish an abuse of discretion.

The trial court's authority to appoint an evaluator to conduct a child custody evaluation is set forth in section 3111. The court *may* appoint an evaluator if it determines that an evaluation is in the child's best interests. (§ 3111, subd. (a).) For the same reasons he fails to show the court abused its discretion by refusing to appoint minor's counsel, Wang fails to establish that the court abused its discretion by declining to appoint an evaluator.

B. <u>August 19, 2024 Minute Order Awarding Sanctions to Zeng</u>

Zeng contends that the August 19, 2024 minute order granting Zeng's motion for sanctions is not appealable because it is preliminary to the September 26 FOAH. Wang does not argue otherwise. We will therefore dismiss the appeal from the August 19 minute order and address the issues Wang raises in his challenge to that minute order in the context of his appeal from the September 26 FOAH.

C. <u>September 26, 2024 FOAH Awarding Sanctions to Zeng</u>

Wang contends that the trial court erred by awarding Zeng $50,000 in sanctions under section 271.[5] We disagree.

We review the trial court's findings of fact for substantial evidence (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 995 (*Falcone*)) and its decision to impose sanctions for abuse of discretion (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1177). The order will be overturned "only if, considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order." (*Ibid.*)

Section 271, subdivision (a), authorizes the trial court to "base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." Litigants who engage in conduct that increases litigation costs are subject to section 271 sanctions. (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1524.)

The trial court found that Wang's motions were "baseless, meritless and frivolous," that he filed "meritless claims," that his "actions have been non-cooperative, meritless, and frivolous," and that his failure to pay an earlier sanctions order gave him " 'unclean hands.' " These findings were supported by the evidence presented to the court, including the evidence attached to the FOAH. Based on this evidence, it was reasonable for the court to conclude that Wang improperly increased the costs of litigation. Thus, it was not an abuse of discretion to impose sanctions under section 271.

---

[5] There is no dispute that the order is appealable. (*George v. Shams-Shirazi* (2020) 45 Cal.App.5th 134, 138.)

Wang insists that he did try to promote settlement and reduce litigation costs by requesting settlement conferences and seeking minor's counsel and a child custody evaluation. He denies that his filings were frivolous and blames Zeng for the bulk of the litigation expenses. But his attempt to relitigate the facts does not establish a lack of substantial evidence or abuse of discretion.

Wang next argues that the sanctions award imposed an unreasonable burden because his 2022 income was $3,000 and he had no income in 2023. But Wang produced no evidence of his income in 2024, the year the sanctions were imposed. Furthermore, the trial court found that Wang was supported by his family and able to work. These findings were supported by substantial evidence.

Finally, Wang argues that Zeng is a "highly compensated physician." Section 271, however, is not a needs-based statute. (*Falcone*, *supra*, 203 Cal.App.4th at p. 990.) Accordingly, Zeng did not have to prove her need to be reimbursed for the fees. (*Ibid*.) Wang fails to establish error.

## III. DISPOSITION

The April 22, 2024 minute order and September 26, 2024 FOAH are affirmed. The appeal from the August 19, 2024 minute order is dismissed.

CHOU, J.

WE CONCUR.

JACKSON, P. J.
BURNS, J.

9