Filed 6/23/14  Pryor v. ITEC Financial CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DANNY WAYNE PRYOR,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ITEC FINANCIAL, INC., et al.,<br><br>    Defendants and Respondents. | B249302<br><br>(Los Angeles County<br>Super. Ct. No. BC435130) |

        APPEAL from a judgment and order of the Superior Court of Los Angeles County.  Joseph R. Kalin, Judge.  Affirmed.


        Danny Wayne Pryor, in pro. per., for Plaintiff and Appellant.


        Eberhardt Villanueva, Chad A. Eberhardt, J. Nigel Villanueva for Defendants and Respondents.


                    _____

Plaintiff and appellant Danny Wayne Pryor appeals from a judgment following a bench trial in favor of defendants and respondents ITEC Financial, Inc. (ITEC), Southcoast Properties, LLC (Southcoast), Nina Patel, and Mani Govindan. Pryor also appeals from the trial court's order denying his motion for new trial.

Pryor's appeal suffers from a number of defects, chief among them the failure to provide an adequate record. We affirm the judgment and the order denying the motion for new trial.

## BACKGROUND

It is impossible to determine the relevant factual or procedural background from the record presented. For example, the apparently operative second amended complaint does not appear in the record, nor does any prior iteration of the complaint.

From the briefs and the meager record, we discern that Pryor's second amended complaint stated causes of action for (1) fraud, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) usury, (5) cancellation of deeds of foreclosure, and (6) foreclosure of mechanic's lien. Pryor claimed that, beginning in 2006, he began negotiating with Patel for a series of loans intended to finance several real estate development projects, and eventually entered into agreements documenting the loans. According to Pryor, defendants manipulated the loan disbursement process so as to encourage Pryor to default on the loans. As each real estate development neared completion, defendants refused to release any further loan proceeds and blocked Pryor's attempts to refinance. They then recorded notices of default and initiated foreclosures, eventually acquiring title to each property. Pryor alleged he suffered $15,000,000 in damages.

A bench trial was conducted over four days in February 2013. During trial, the court dismissed the fourth through sixth causes of action. The court found for defendants on the remaining causes of action.

Following the trial court's ruling, Pryor moved for a new trial. The court denied the motion on April 25, 2013. Pryor timely appealed.

2

**DISCUSSION**

It is a fundamental rule of appellate review that the judgment is presumed correct, and the appellant has the burden of demonstrating reversible error by an adequate record. (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178; *Construction Financial v. Perlite Plastering Co.* (1997) 53 Cal.App.4th 170, 179.)

Pryor submitted to this Court "excerpts of records" from the trial court proceedings, some of which related to the trial, others that did not. The record contains no reporter's transcript of the trial, no complete clerk's transcript, no statement of decision, no settled statement, and no oral findings of fact. "'[A] record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.'" (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) Absent an oral transcript of the proceedings or its equivalent, an appellant cannot challenge the sufficiency of the evidence supporting a judgment. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-188.) Therefore, Pryor's arguments that the trial court's judgment was incorrect—because the court failed to understand the impact of the evidence, wrongly dismissed certain causes of action based on the statute of limitations, and erroneously found in favor of defendants on the other claims—necessarily fail. Without a comprehensive record of the trial proceedings, we are unable to determine the relevant considerations or the reasons for the trial court's rulings, and thus cannot find its conclusions improper.

Pryor contends that the trial court erred by excluding evidence showing that, at the time the loans to Pryor were made, Patel was not licensed by the California Department of Real Estate. Pryor asserts that, had this evidence been admitted, it would have shown that the loans made by defendants were illegal. We review the trial court's evidentiary rulings for an abuse of discretion. (*Miyamoto v. Department of Motor Vehicles* (2009) 176 Cal.App.4th 1210, 1217; *Palm Property Investments, LLC v. Yadegar* (2011) 194

3

Cal.App.4th 1419, 1426; *Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391, 1401.) Because there is no record explaining why the trial court excluded the evidence of Patel's license history, we have no basis to find an abuse of discretion. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 259 [absence of record precludes determination that trial court abused its discretion]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 [same].) We also have no way of determining whether the trial court found Patel's license history to be material or whether it relied on other evidence in denying Pryor's claims.

Pryor further contends that the trial court erred by denying his request for trial by jury, and instead going forward with a bench trial. Again, there is no record to show what issues the trial court faced when determining whether a jury trial was called for, or why the trial court heard the case itself. Respondents assert that Pryor failed to deposit jury fees or obtain a jury fee waiver (Code Civ. Proc., § 631, subd. (f); Cal. Rules of Court, rule 3.56), and failed to demand a jury trial. Without an adequate record, we can only presume that the trial court's decision denying a jury trial was correct.

Finally, Pryor contends that the trial court erred by denying his motion for new trial. We review an order denying a new trial for an abuse of discretion. (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 832.) On appeal, Pryor contends that he was entitled to a new trial because he provided the trial court with new evidence showing that Patel was unlicensed at relevant times. A new trial may be granted because of: "Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." (Code Civ. Proc., § 657, subd. 4.) This provision has three requirements: (i) that the evidence be newly discovered, (ii) that the evidence be likely to lead to a different result, and (iii) that the party exercised reasonable diligence to discover and produce the evidence at trial. (*Sherman v. Kinetic Concepts, Inc.* (1998) 67 Cal.App.4th 1152, 1161; *In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 153.) A party seeking relief on this basis must show that he exercised reasonable diligence by stating the particular acts or circumstances that establish diligence. (*In re Marriage of Liu*, at pp. 153-154.) No abuse of discretion is

4

apparent. At the hearing on the motion for new trial, defendants' counsel argued that the document Pryor sought to admit was raised numerous times at trial. Based on this argument and the incomplete record on appeal, it is not clear that any "newly discovered evidence" was presented. Further, Pryor's motion, which is in the record, does not contain a declaration establishing diligence. Therefore, Pryor has not shown that the trial court abused its discretion by denying his new trial motion.

## DISPOSITION

The judgment and order denying new trial are affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

5