Filed 6/1/23  County of Sacramento v. Miller CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| COUNTY OF SACRAMENTO, | C093029 |
| Plaintiff and Respondent, | (Super. Ct. No. FL20191313) |
| v. | |
| SCOTT AARON MILLER, | |
| Defendant and Respondent; | |
| BESS CAROLINA DOLMO, | |
| Appellant. | |

This is another appeal arising from the marital dissolution between appellant Bess Carolina Dolmo appearing in pro. per. and respondent Scott Aaron Miller (father).  In this matter, Dolmo appeals from court orders issued in 2020 that modified father's obligation to pay child support, denied Dolmo's request to set aside the modification order, and

1

imposed sanctions on Dolmo. Dolmo contends the court erred by (1) advising father he could claim federal tax deductions for the children; (2) refusing to continue the hearings to allow Dolmo's attorney of record to attend; and (3) awarding sanctions. A reporter's transcript is not included in the record. No respondent has filed an opposition brief.

We affirm the orders.

## FACTS AND HISTORY OF THE PROCEEDINGS

### January 13 hearing

A hearing was set for January 13, 2020, by the Yolo County Department of Child Support Services (County) as the local child support agency to modify father's provision of child support for the couple's two children. On January 3, 2020, Dolmo requested the hearing be continued. Her new attorney, Daryl Lander, was not available in January for a hearing. Dolmo also opposed reducing father's child support obligation on the merits.

The hearing was held on January 13. Plaintiff appeared on her own behalf without Lander. There was some confusion over whether Lander actually represented Dolmo. The court ordered Lander to file a proper substitution of attorney if he was going to represent Dolmo in this case.

The trial court terminated father's child support obligation effective November 1, 2019. Since custody and divorce issues were still pending in the dissolution action in Sacramento County, and because the time shared with the children was equal between both parents and both parents were not working, the court terminated support and reserved jurisdiction over the issue.

Lander filed a notice of limited scope representation on January 30, 2020. The notice stated Lander represented Dolmo on child support issues until their resolution.

### September 1 hearing

Months later, both the County and Dolmo filed requests to modify child support. Both were to be heard on September 1, 2020. In her notice of motion, Dolmo stated the

2

trial court had earlier ordered father to pay child support beginning in April 2020. Dolmo sought a modification to require child support for the months of January through April 2020. She also sought reimbursement for a loan obtained to cover car repair expenses, and she requested attorney fees.

At the September 1 hearing, neither Dolmo nor Lander appeared. The County advised the court that Dolmo had contacted the County over the last week asking to continue the matter. The County told Dolmo there was no agreement for a continuance.

The trial court dropped Dolmo's motion to modify. It found that Dolmo's income and expense statements were untruthful. The court granted the County's motion to modify father's child support obligation effective April 1, 2020, and ongoing.

At the September 1 hearing, father requested an order authorizing him to claim the two children as tax dependency exemptions. The court advised that for the 2020 tax year, father had the legal right to claim the children for tax purposes because he was the primary custodial parent. The court directed father to file a separate motion to deal with tax dependency exemptions for tax years 2018 and 2019.

October 27 hearing

Three weeks later, Dolmo filed a motion to set aside the September 1 child support order pursuant to Code of Civil Procedure section 473, subdivision (b) due to mistake, surprise, or excusable neglect and Family Code sections 2120 and 2122 due to fraud and perjury. Hearing was set for October 27, 2020.

Dolmo supported her motion with a declaration. She stated father had misrepresented facts and his financial situation in his income and expense declarations. She also claimed that procedural errors regarding the September 1 and January 13 hearings required reversal under Code of Civil Procedure section 473. She asserted the following errors: (1) The trial court committed excusable neglect by holding the September 1 hearing while knowing Dolmo had a valid substitution of attorney on file

3

but proceeding "without full instructions from counsel or without having a substitution of attorney on file indicating otherwise." (2) The trial court wrongly terminated child support at the January 13 hearing knowing Dolmo was represented by counsel and was seeking a continuance. The court had admonished Dolmo from appearing without counsel for the limited purpose of continuing the hearing, and it ordered her not to appear in court again if she had legal representation. Thus, her not appearing at the September 1 hearing was excusable neglect entitling her to relief. (3) The September 1 order must be set aside due to surprise. On the day of the hearing, Dolmo at 1:00 p.m., 1:30 p.m., and 2:05 p.m. left messages with the County that the hearing had to be continued because her attorney of record was not available, but opposing counsel and the County refused to continue the hearing. (4) The County was surprised that the hearing went forward without Dolmo or her counsel in attendance.

The County opposed Dolmo's motion. Dolmo had not provided proof to support her claims of fraud. Regarding surprise, the court was made aware at the September 1 hearing of the County's correspondence with Dolmo that absent an agreement there would be no continuance. It also was the County's understanding that the substitution of attorney on file was incomplete.

On October 19, 2020, Dolmo requested the trial court continue the October 27 hearing. She stated the papers could not be served as required before the hearing date, and opposing counsel had requested the hearing be continued and Dolmo did not oppose that request.

On October 26, the trial court denied Dolmo's request for a continuance. Both the County and father had filed oppositions to Dolmo's motion to set aside the September 1 order, and there was no indication that both of those parties had agreed to a continuance.

In denying the continuance, the trial court also stated on the record that attorney Lander had filed a notice of limited scope representation, and that he represented Dolmo until he withdrew.

4

At the October 27 hearing, Dolmo appeared on her own behalf without Lander. The trial court analyzed the history of her counsel, including the notice of limited scope representation, and noted Lander's unexpected absence from the hearing. Dolmo declined to respond to the court's inquiry as to whether she had informed Lander of her motion and hearing to set aside the September 1 order.

The court noted it had denied Dolmo's request for a continuance due to a lack of evidence that all parties had agreed to it or that the request had been served on all parties. Dolmo renewed her request for a continuance during the hearing. The court denied the request. The other parties did not agree to the request, and they had filed oppositions and were present at the hearing.

The court denied Dolmo's motion to set aside the September 1 order as non-meritorious.

At the hearing, Dolmo requested a court reporter. The court stated it does not provide court reporters for civil cases, but the parties were welcome to have their own reporters present.

Pursuant to Family Code section 271, the court awarded $2,500 in sanctions against Dolmo payable to father's attorney.

Dolmo filed a notice of appeal on October 29, 2020, from the orders entered for the September 1 and October 27 hearings.

## DISCUSSION

### I

### *Appealability*

We have jurisdiction to hear this appeal only if the September 1 and October 27 orders are appealable. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Dolmo contends the orders are appealable as post-judgment orders regarding court fees that affect her substantial rights under Code of Civil Procedure sections 904.1,

subdivisions (a)(2), (10)-(12), and (14), and 170.3, subdivision (a)(1), and under California Rules of Court, rule 8.304(b)(4)(B).

The record does not disclose whether any judgment has been entered in the underlying dissolution action. And the alleged rule of court 8.304(b)(4)(B) does not exist. However, we conclude the orders are appealable as a final judgment. (Code Civ. Proc., § 904.1, subd. (a)(1).) The orders terminate the litigation brought by the County and no further court action is essential to determine the rights of the parties in the matter. (See *Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.)

II

*Ruling on Tax Exemption Issue*

Dolmo asserts the trial court erred by advising father he could claim federal tax exemptions for his children in 2020. Dolmo argues a state court cannot rule on a federal tax matter because it is an issue of federal law, not state law. Federal taxation is an area of law the federal government occupies and which preempts state law.

We disagree with Dolmo's argument. State courts have jurisdiction to determine rights and obligations arising under federal law where state jurisdiction is not denied by a federal statute and there is no indication that federal court jurisdiction is intended to be exclusive. (*Gulf Offshore Co. v. Mobil Oil Corp.* (1981) 453 U.S. 473, 477-478.) Dolmo has not presented us with any authority showing that Congress by statute has denied a state court from interpreting and applying relevant federal tax code provisions in a family law matter or that federal jurisdiction over this issue is intended to be exclusive. We will not disturb the trial court's advisement of father's right to claim tax exemptions for his children in 2020.

## III

### *Denial of Continuances Despite Counsel's Absence*

Dolmo contends the trial court violated rule 2-100 of the California Rules of Professional Responsibility when it proceeded with the January 13, September 1, and October 27 hearings without the attendance of Dolmo's counsel of record and knowing she had requested the hearings be continued so that her attorney could attend. Dolmo further contends the court's denial of her continuance requests violated her constitutional right to counsel when protecting a property interest or a fundamental right. It also prevented Dolmo from introducing facts at the January 13 hearing through her attorney relevant to the court's retroactive modification of child support to November 2019.

Former rule 2-100 was superseded in 2018 by rule 4.2 of the California Rules of Professional Conduct. Rule 4.2 by its terms does not apply to courts. The rule states: "*In representing a client*, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer." (Rules Prof. Conduct, rule 4.2(a), italics added.) A court does not represent a client. Dolmo provides no other authority to support her argument.

We reject Dolmo's argument that the denial of her continuance requests violated her constitutional right to counsel. She provides no citations to authority to support her claim of error. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408; Cal. Rules of Court, rule 8.204(a)(1)(B).)

We also reject Dolmo's argument that the denial of her continuance requests prevented her attorney from introducing factual evidence relevant to the court's decision in the January 13 hearing to terminate child support retroactively to November 2019. The facts she asserts in her argument are not supported by citations to the record. We thus deem that portion of her argument to be forfeited. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived"].) In any event, Dolmo submitted a declaration on the merits for the January 13 hearing. She thus had an opportunity to present facts to the court for that hearing.

The grant or denial of a continuance is left to the trial court's sound discretion. (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.) We will not disturb the court's exercise of discretion on a continuance in the absence of "clear abuse" appearing in the record. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) Dolmo directs us to no evidence in the record showing a clear abuse of discretion. In addition, because Dolmo has not provided a reporter's transcript or settled statement, this is a judgment roll appeal, and we assume as true all facts necessary to support the trial court's judgment. (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574-575.) Finding no error on the face of the judgment roll, we affirm the trial court's denial of Dolmo's requests for continuances.

IV

*Sanctions*

Dolmo argues that the trial court "violated her Fifth Amendment due process rights for adequate legal representation, concerning her fundamental rights for family, children and or protecting property interests" when the court denied her the opportunity to seek counsel for the hearing on sanctions under Family Code section 271 (section

8

271).  She also states that sanctions must be scaled to the payor's ability to pay, although she does not assert that the sanctions awarded against her were not scaled to her ability to pay.

Dolmo forfeits this argument because she did not provide citations to the record or to relevant authority to support her claim of error.  (*In re S.C., supra*, 138 Cal.App.4th at p. 408.)  Also, because this is a judgment roll appeal, we assume all facts necessary to support the trial court's order.  (*Elena S. v. Kroutik, supra*, 247 Cal.App.4th at pp. 574-575.)

Section 271 was enacted to promote settlement of family law matters and to encourage cooperation to reduce litigation costs.  (*Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1176.)  A court may impose attorney fees and costs as a sanction on family law litigants who flout this policy by engaging in conduct that increases litigation costs.  (*Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177.)  We review an award of sanctions under section 271 for an abuse of discretion.  (*Parker,* at p. 1177.)

Constitutional due process requires a party be given notice and an opportunity to be heard before a court imposes sanctions under section 271.  (*Parker v. Harbert, supra*, 212 Cal.App.4th at p. 1178.)  The statute does not specify the nature of the hearing it contemplates, but the opportunity to be heard does not necessarily compel an oral hearing.  (*Marriage of Petropoulos, supra*, 91 Cal.App.4th at pp. 178-179.)  Dolmo does not contend she was denied notice of the hearing or that she was denied an opportunity to be heard through written argument or personally at the hearing.  We affirm the award of sanctions.

DISPOSITION

The orders from hearings on September 1 and October 27, 2020, are affirmed. Dolmo shall bear her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

 

_____

HULL, J.

We concur:

_____

ROBIE, Acting P. J.

_____

MAURO, J.